UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BROWN, #416331,

    Petitioner,

v.                                                Case No. 2:06-CV-11868
                                                Honorable Victoria A. Roberts
                                                Magistrate Judge Steven D. Pepe

ANDREW JACKSON,

    Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART PETITIONER'S MOTION FOR
A CERTIFICATE OF APPEALABILITY & GRANTING PETITIONER'S MOTION
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

    Petitioner, Steven Brown, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On September 25, 2009, the Court issued an "Opinion and Order Denying Petitioner's Petition for Writ of Habeas Corpus." (Dkt. # 49). Pending before the Court are Petitioner's (1) "Petition for a Certificate of Appealability under 28 U.S.C. §2253; FRAP 22(b)," and, (2) "Petition/Affidavit for Leave to Proceed *In Forma Pauperis* on Appeal." (Dkt. ## 52 and 53). For the reasons stated below, the Court will grant in part Petitioner's request for a certificate of appealability, and will grant his motion to proceed *in forma pauperis* on appeal.

## I. DISCUSSION

### A. Certificate of Appealability

    Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his habeas-corpus petition, Petitioner, convicted of second-degree murder in the shooting death of Glenn Wesley Pierce, challenged the voluntariness of his statements to law enforcement officials and the sufficiency of evidence at trial. The Court denied habeas relief on both claims. However, the Court finds that a certificate of appealability is warranted concerning the suppression of Petitioner's statements to police, but *only* as it relates to the issues of coercion and a *Miranda*[1] violation. The Court does not agree that Petitioner's certificate of appealability motion should be granted concerning the Fourth Amendment violation and the suppression of Petitioner's statements. Moreover, Petitioner's motion is denied on the insufficiency of evidence claim.

First, Petitioner asserts that the trial court erred in failing to suppress his inculpatory custodial statement; and his argument was premised upon four grounds: (1) the statement was involuntary; (2) the statement was coerced; (3) Petitioner's *Miranda* rights were violated; and (4) Petitioner's Fourth Amendment rights were violated. The Court found that:

---

[1]*Miranda v. Arizona,* 384 U.S. 436 (1966)

(1) the pre-arraignment delay alone did not justify suppression of an otherwise voluntary confession; (2) Petitioner did not demonstrate that he was mentally and physically impaired and incapable of submitting to questions about Mr. Pierce's murder prior to giving his statement; (3) the conditions of the jail facility were not such that suppression of Petitioner's statement was warranted; (4) Petitioner was not denied his right to an attorney during questioning; and (5) habeas review of Petitioner's Fourth Amendment claim was barred.

However, despite the Court's ruling and the adherence to its position, the Court finds that reasonable jurists could debate whether Petitioner's statement should have been suppressed based upon a combination of the pre-arraignment delay, his mental and physical condition, the status of the jailhouse conditions, and whether Petitioner requested an attorney. Reasonable jurists could debate that the totality of circumstances set forth above constitutes a basis for determining that Petitioner's inculpatory statement to the police was not voluntary, knowing and intelligent. The Court does not find, however, that reasonable jurists could debate the Court's determination regarding Petitioner's Fourth Amendment claim.

Next, Petitioner asserts there is insufficient evidence to support his conviction for second-degree murder. The Court found that, although there was no direct evidence that Petitioner was aware that Jerry Swims (co-conspirator) was armed, or that Petitioner was armed, there was sufficient circumstantial evidence to infer that Petitioner and Swims jointly planned to commit an armed robbery. Therefore, the Court finds that reasonable jurists could not debate the resolution of Petitioner's sufficiency of evidence claim.

### B. *In Forma Pauperis*

Petitioner requests to proceed *in forma pauperis* on appeal. " Federal Rule of

Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *United States v. Cahill-Masching*, 2002 WL 15701, slip op. at 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of denial of a constitutional right, a court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *Foster v. Lidwick,* 208 F.Supp.2d 750, 764-65 (E.D. Mich. 2002) (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765.

Although the court found that a certificate of appealability should not issue as to a portion of Petitioner's habeas claim, the Court concludes that an appeal may be taken in good faith. The Court, therefore, grants Petitioner's request to proceed without prepayment of the filing fee.

## II. CONCLUSION

Petitioner's "Petition for a Certificate of Appealability under 28 U.S.C. §2253; FRAP 22(b)" [Dkt. # 52] is GRANTED IN PART in accordance with this Opinion and Order. A certificate of appealability is ISSUED regarding Petitioner's suppression claim, specifically

as it relates to the pre-arraignment delay, Petitioner's mental and physical condition, the status of the jailhouse conditions, and whether Petitioner requested an attorney. The Court DENIES a certificate of appealability on the remaining claims.

Petitioner's "Petition/Affidavit for Leave to Proceed *In Forma Pauperis* on Appeal" [Dkt. # 53] is GRANTED.

**IT IS ORDERED.**

　　　　　　　　　　　　　　　　　　　　/s/ Victoria A. Roberts  
　　　　　　　　　　　　　　　　　　　Victoria A. Roberts  
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  December 14, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 14, 2009.

s/Linda Vertriest  
Deputy Clerk

---

5